## D. & J. SADLIER & Co. *v.* LAWRENCE FALLON.

Where the assignor in one clause of a voluntary assignment for the benefit of his creditors ordered the assignee to pay out of the proceeds of the assigned estate "the following dues or debts owing from me to the following named persons, viz: to George Durfee, of Providence, $600," &c., naming the persons and the amounts to be paid to each, and in the next clause of his assignment, as numbered, ordered, in substance, all the residue of such proceeds to be divided equally and ratably to and amongst all his creditors, provided, that in case any of his creditors should not within four months present their claims to his assignee and release him therefrom, the dividends of such creditors should be paid by the assignee to him.   *Held,* that the condition of a release applied only to those described by the assignor as "*his creditors*" in the last clause of the assignment, and not to those styled by him "the following named persons" in the first, as from the

context as well as language used, apparently most accordant with the intent of the assignor: and hence, that the assent of such persons to the assignment would be presumed until their dissent was proved, So that their debts would support the assignment as a consideration against a creditor attaching the assigned property in the hands of the assignee by foreign attachment.

MOTION to dismiss a suit served by foreign attachment, on the ground of no property of the defendant in the hands of the garnishee at the time of the service.

The garnishee's affidavit disclosed that he was the assignee of the defendant, by the appointment of the supreme court upon the removal by the court of the original assignee, under the defendant's voluntary assignment for the benefit of his creditors, a copy of which was annexed to his affidavit; that he had the net sum of $907.51, proceeds of the assigned property, in his hands at the time of the service; and that he had no knowledge of the execution by any of the creditors of the assignor of any releases of their debts, such as were required by the assignment.

The assignment, after conveying the property to, and providing for its sale and collection by the assignee, distributed the proceeds of sales and collections by the following clauses:—

"*First*. Said Durfee shall pay all expenses attending the making of this deed of assignment, and of executing the trusts herein contained, and may reserve for himself a reasonable compensation.

"*Secondly*. The said Durfee shall pay in full, if said proceeds shall be sufficient, and ratably if insufficient, the following dues or debts owing from me to the following named persons, viz: to George Durfee, of Providence, $600; to James Finsky, of Williamsburgh, L. I., $400; to J. Murphy & Co. of Baltimore, Md., $400; to Michael Murray, of Providence, R. I., $100; to John Finsky, of Williamsburg, L. I., $350; to Dennis Fallon, $190; to Patrick Donahue, of Boston, Mass., $500. When all the above are paid in full, if said proceeds are sufficient, also, all notes by me signed, and for my accommodation indorsed or guarantied by said George Durfee, also, all sums due from me to said Durfee for money by me borrowed of him.

"*Thirdly*. All the residue of said proceeds, said Durfee shall pay and divide ratably to and amongst all my creditors, and

shall pay the same to them within four months from date ; and the said creditors shall present to him their respective claims and demands against me, and shall fully discharge and release me therefrom by good, valid, and effectual release or releases, made and delivered to me or to him for me ; Provided, however, in case any of my creditors shall not present their claims and demands, and shall not discharge and release me therefrom within the term and in the manner aforesaid, then, in such case, the share or dividend of such creditor or creditors, shall by said Durfee be paid to me, my executors, administrators, or assigns ; and I do hereby appoint and constitute said George Durfee my attorney irrevocable, for me, and in my name, to do all things and acts necessary for the fulfilment of the trusts herein contained.

" In witness," &c.

It was conceded that the amount due to the preferred creditors would absorb all the proceeds of the assigned property ; and the only question raised upon the motion was, whether the preferred creditors were entitled to claim under the assignment, not having released the assignor from their debts within the four months specified, or at any time.

The motion was argued by *Currey*, for the defendant, Fallon, and by *Hayes*, for Sadlier & Co.

Ames, C. J. The assignment is presumed to be accepted by the preferred creditors, as for their benefit, and will be supported by the consideration of their debts, to the extent of the same, unless by its terms it obliges them, in order to take any benefit under it, to release the assignor. In the latter event, until their assent to this condition, and, to be effectual, in the mode and within the time pointed out by the assignment, the assigned property is liable to attachment by foreign process in the hands of the assignor.

In this case it is conceded, on the one hand, that no such releases were executed by the preferred or general creditors at the date of the attachment, or at any time since, and on the other, that the debts due to the preferred creditors, if they are entitled under the assignment without a release, will far more than absorb the proceeds of the assigned property, and leave nothing for the attachment to operate upon. We see no reason to

change the opinion before expressed by us on another occasion, in relation to this assignment,—that it does not, according to its natural construction, require the creditors specially named and preferred, to release, in order to take benefit under it. The second clause of the assignment embracing them, calling them by name, states the amount of their debts and dues, and orders the proceeds of the assigned estate to be applied to their full and unconditional payment. The proviso in question is a part of, and qualifies, as it seems to us, the third clause only; which distributes the residue amongst those whom the assignor designates only as his "creditors,"—a term which, however applicable, he does not apply to those named in the second clause of his assignment. The words in the proviso, "if any of my creditors," &c., cannot, in our judgment, be extended beyond the class of persons thus designated in the clause with which the proviso is alone grammatically connected, without doing violence to the evident intent of the assignor. This action must be dismissed, therefore, for want of service of the writ; and, under the statute, with costs in favor of the person appearing in defence to it.